The bill was filed in the Court of Equity for Moore county, where the pleadings were made up and the proofs taken; and the cause being regularly set for hearing, has been transferred to this Court. Upon the opening of the case, and hearing the bill and the answers read, the attention of the counsel was called to an objection which extended inlimine to his bill. It sets forth no title in the plaintiff, and we cannot, in its present form, grant him any relief. A motion is made on the part of the defendant to dismiss the bill, which is met by a counter motion on the part of the plaintiff to amend. Upon this motion two questions are presented: the first, has this Court the power to amend, without the consent of parties? and the second, if it has not, will it send the cause back to the Court below to enable the party, if he can get permission there to amend. The rules of practice in a Court of Equity are, to a certain extent, the law of the Court and expressive of its power. Upon this subject, the Clerk of the Court and the gentlemen of the bar in attendance have been consulted; and finding a difference of opinion to exist, we have called in aid the experience of the late Chief Justice RUFFIN, who was here. For many years the presiding officer of the Court, no one is better able to point out its practice. He stated to us that in his experience, this Court never allowed amendments in bills in Equity in matters of substance, but by the consent of parties, for the reason that it never was considered to be within its power. We are satisfied it is not within our power to make the amendment asked for, as it is one of substance, and the defendant does not agree to it. This is not a Court of original jurisdiction, except in a few cases provided for by the Legislature. Bills are filed in the Court below, and there the causes are prepared for hearing. When set for hearing, they may be brought here either (77) by an appeal from the Court below, or may be removed by the parties. No cause in Equity can be removed here, until it is so set for hearing. If such an amendment could be made here, without consent of parties, it would be necessary, according to the course of the Court, to get rid of the decree setting the cause for hearing; and the moment that was done, the cause would be out Court here. We are fortified in the conclusion to which we have come, by the Acts of 1822 and 1825, now constituting sec. 14, ch. 33, Revised Statutes. They provide that the Supreme Court shall have power to amend proceedings by making parties, and taking testimony when required. The Act constituting the Supreme Court was passed in 1818, and if it has a power inherent in it to make amendments, *Page 80 
as has been urged, then the Acts referred to were entirely unnecessary. It is evident the Legislature did not so consider the power given; and from the manner in which cases are directed to be brought from the Courts of Equity to this Court for hearing, by the Act of 1818, no amendment affecting the order for the hearing can be allowed here. If it could, a new case might in effect be made in the bill, so as virtually to assume original Equity jurisdiction for the Court. Such a course on the part of the Court would be justly regarded by the Legislature and the profession with extreme jealousy, as it would be, in effect, allowing bills to be filed here, and here prepared for hearing.
Can this Court remand a cause for the purpose of amending? This is a discretionary power, and can and may be used by the Court as justice and equity may require. From the same high authority we learn that after a cause is brought on to a hearing, the remanding of Equity cases for the purpose of amendment, has been, under the practice of the Court, confined to cases of surprise or of agreement between the parties. Here there is neither; and we should, without hesitation, dismiss the bill but for the answers. They have met the bill upon the title which the plaintiff has relied on in his testimony; to that title the testimony has been directed on both sides, and the parties have gone to a hearing on it. Another reason influences us: we are desirous, as far as we can, of avoiding delay. Parker v. Leathers, decided at December Term, 1846, (unreported case), bears us out in the decree we (78) make.